# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL LEE WALKER | No. 4:18-CV-01588 |
| Plaintiff, | (Judge Brann) |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY | |
| Defendant. | |

## MEMORANDUM OPINION

### NOVEMBER 21, 2018

Before the Court is Plaintiff Carol Lee Walker's Motion to Remand.[1] For the following reasons, that Motion will be granted.

## I. BACKGROUND

Ms. Walker filed a one-count complaint in the Centre County Court of Common Pleas alleging that Defendant The Pennsylvania State University ("Penn State") discriminated against her on the basis of her age.[2] Within that sole count, she alleges that Penn State violated the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a), "as well as the Age Discrimination Employment Act

---

[1] *See* Motion for Remand [sic] (ECF No. 5).

[2] *See* Exhibit A – Centre County Docket and Pleadings, Civil Action Complaint (ECF No. 1-1), at 4.

[("ADEA")], 29 U.S.C. § 623(a)(1)."[3] Construing Ms. Walker's complaint as asserting a federal claim in addition to a state law claim, and thus invoking federal question jurisdiction, Penn State subsequently removed this action to this Court pursuant to 28 U.S.C. § 1441(a).[4] Ms. Walker presently seeks to remand this case back to the Centre County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c), asserting that she only pleads a state law claim, and accordingly, this Court lacks subject matter jurisdiction.[5]

## II. DISCUSSION

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"[6] If before the entry of final judgment, it appears that the district court lacks subject matter jurisdiction over the matter, that case must be remanded to the state court.[7] When faced with a motion for remand, "the party asserting federal jurisdiction ... bears the burden of showing, at all stages of the litigation, that the case is properly before

---

[3] *See* Exhibit A – Centre County Docket and Pleadings, Civil Action Complaint (ECF No. 1-1), at 4.

[4] *See* Defendant's Notice of Removal (ECF No. 1).

[5] *See* Motion for Remand (ECF No. 5).

[6] 28 U.S.C. § 1441(a).

[7] 28 U.S.C. § 1447(c).

the federal court,"[8] and "any doubt about the right of removal requires resolution in favor of remand."[9]

Ms. Walker repeatedly explains in her motion papers that she intends to allege only the PHRA claim, which arises exclusively under state law.[10] It appears she concedes that the wording of her complaint caused confusion; she states that upon remand, she will file an amended complaint with the Centre County Court of Common Pleas that removes any mention of the ADEA.[11] Penn State agrees that remand to state court is appropriate so long as her complaint does not contain a federal claim.[12] Because Ms. Walker is the master of her complaint, I will construe her complaint as to only allege a state law PHRA claim.[13] Accordingly, Ms.

---

[8] *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

[9] *Gosch v. International Chapter of Horseshoers and Equine Trades, Local 947*, 200 F.Supp.3d 484, 491 (M.D.Pa. 2016) (quoting *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)).

[10] *See* Brief in Support (ECF No. 6) at 1 ("Plaintiff's sole claim is a claim under state law. Because Plaintiff's sole claim is a state law claim, there is no basis for this Court to exercise jurisdiction over this action."); Reply Brief (ECF No. 9) at 1 (explaining her complaint "make[s] it abundantly clear that Plaintiff is seeking relief under only under the Pennsylvania Human Relations Act"); *Id.* at 1-2 (explaining that certain factual averments "further demonstrates that Plaintiff did not intend any action under the ADEA").

[11] *See* Exhibit A (ECF No. 9-1).

[12] *See* Brief in Opposition (ECF No. 7) at 3-4.

[13] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Penn State argues that Ms. Walker plead a separate ADEA claim in her complaint and seeks dismissal of that federal claim with prejudice prior to remand. *See* Brief in Opposition (ECF No. 7). Ms. Walker's complaint contains one count, and in the event her complaint may have caused confusion, her papers consistently reiterate that she seeks relief under the PHRA alone. Thus, by construing her complaint as pleading only one state law claim, there is no federal claim to dismiss.

Walker's action seeks relief exclusively under state law, and I will grant her motion to remand her PHRA claim to the Centre County Court of Common Pleas.[14]

**III. CONCLUSION**

For the reasons discussed above, Ms. Walker's Motion to Remand is granted. This case is hereby remanded to the Court of Common Pleas of Centre County, Pennsylvania. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14] *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988) (explaining that once claims giving rise to federal jurisdiction have been dismissed, a district court has discretion to remand an action to state court).